**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TIFFANY SHRUM, on behalf of  )
C.T.M., a minor,             )
                             )
            Plaintiff,       )
                             )
v.                           )   Case No. CIV-14-495-JHP-KEW
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                             )
            Defendant.       )

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #28). By Order entered January 27, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered June 29, 2016, Judge Payne reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings and remanded the case based upon Defendant's unopposed motion requesting to do so.

In the Motion, Claimant seeks attorney's fees for 35.60 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,764.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending the amount sought is excessive and unreasonable.

Under the EAJA, a party may be entitled to an award of "'fees and other expenses'" if he or she "prevail[s] in litigation against the United States [and] if, among other conditions, the position of the United States was not 'substantially justified.'" Comm'r, Immigration and Naturalization Serv. v. Jean, 496 U.S. 154, 156 & n. 1 (1990)(quoting 28 U.S.C. § 2412(d)(1)(A)). The court has discretion to determine the amount of such a fee, or whether to award one at all. Kopunec v. Nelson, 801 F.2d 1226, 1229 (10th Cir. 1986). "[T]he district court's task of determining what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhart, 461 U.S. 424, 433–37 (1983)]." Jean, 496 U.S. at 161. "The result is what matters." Hensley, 461 U.S. at 435.

In this case, counsel filed an opening brief raising three issues of error - lack of a proper credibility determination, the failure of the ALJ to consider that Claimant meets a listing, and the failure to consider that Claimant meets the functional equivalent of a listing. The brief consisted of eight pages with references to the record and standard case authority. The issues were not particularly complex or required a detailed consideration of the record. Necessarily, counsel was required to review the record and assess the adequacy and accuracy of the ALJ's findings in light of the record. To that end, this Court finds the 6.70 hours expended by counsel in reviewing and highlighting the record and identifying the issues to be reasonable.

However, counsel documents that the preparation of the opening

brief, which was filed out of time with permission, took 25.7 hours. Given the limited and relatively simple nature of the arguments contained in this briefing, this Court finds a more reasonable and typical fee for this type of brief would require a reduction by 30% of the time expended for the preparation. As a result, Claimant should be awarded fees for the brief preparation of $3,418.10 in addition to the fee for reviewing and highlighting the record of $1,273.00 and miscellaneous but necessary time in the preparation of the case in the amount of $608.00. Therefore, this Court will recommend to the presiding District Judge that Claimant be awarded a total EAJA fee in the amount of $5,299.10.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #28) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,299.10.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 30th day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE